UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED:   7/6/2020               │
└─────────────────────────────────────┘
```

YOVANNY DOMINGUEZ, individually and
on behalf of all other persons similarly
situated,

                                   Plaintiff,

          -v-

PIZZA HUT OF AMERICA, LLC,

                                   Defendant.

No. 19-cv-10175 (MKV)
OPINION AND ORDER
GRANTING MOTION TO DISMISS

MARY KAY VYSKOCIL, District Judge:

          Plaintiff Yovanny Dominguez brings this putative class action against Defendant Pizza

Hut of America, LLC alleging violations of the Americans with Disabilities Act ("ADA"), 42

U.S.C. §§ 12181 *et seq*., the New York State Human Rights Law, ("NYSHRL"), N.Y. EXEC.

LAW §§ 290 *et seq*., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. ADMIN.

CODE §§ 8-101 *et seq*.  Dominguez is blind, and he alleges that Pizza Hut discriminates against

the blind because it does not sell braille, or other blind-accessible, gift cards.  Pizza Hut moves to

dismiss this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Because Dominguez failed to establish standing in his current pleading, the motion to dismiss the

First Amended Complaint is GRANTED.  However, the Court grants Dominguez leave to file a

second amended complaint.

# I.     BACKGROUND[1]

Defendant Pizza Hut of America, LLC owns and operates a chain of restaurants.  FAC ¶¶

26–27.  It sells "pre-paid cash cards, colloquially referred [to] as '. . . gift cards'" that patrons can

redeem at its restaurants.  *Id*. ¶ 4.  Plaintiff Yovanny Dominguez is legally blind.  *Id*. ¶ 2.  On

October 26, 2019, Dominguez called the customer service office of Pizza Hut and asked if it sold

"gift cards containing Braille."  *Id*. ¶ 16.  An employee told him it does not.  *Id*.  The employee

"did not offer any alternative auxiliary aids or services . . . with respect to [the company's] gift

cards."  *Id*. ¶ 17.  Dominguez "could not locate accessible store gift cards to purchase."  *Id*. ¶ 18.

Dominguez alleges that he "has been a customer at Defendant's stores on prior occasions and

intends to immediately purchase at least one store gift card from the Defendant as soon as the

Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's

restaurant."  *Id*. ¶ 21.

Dominguez initiated this action by filing a complaint [ECF #1], and Pizza Hut responded

with a motion to dismiss [ECF #11].  Dominguez then filed his current pleading, the First

Amended Complaint, seeking an injunction requiring Pizza Hut to sell accessible gift cards,

compensatory and punitive damages, and attorneys' fees [ECF #12 ("FAC")].  And Pizza Hut

moved to dismiss the First Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure and a memorandum in support of that motion [ECF #16, 17].

Dominguez filed his brief in opposition and supporting exhibits [ECF #21, 21-1–21-5], and Pizza

Hut filed a memorandum of law in reply [ECF #22].

---

[1] The facts are taken from the First Amended Complaint [ECF #12], hereinafter "FAC."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true.").

Shortly after its motion was fully submitted, Pizza Hut filed as supplemental authority the opinion of another judge in this district granting the motion to dismiss Dominguez's substantially identical complaint in another case, *Yovanny Dominguez v. Banana Republic LLC*, 19-cv-10171 (GHW), -- F. Supp. 3d --, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020), for lack of standing, under Rule 12(b)(1) and, in the alternative, for failure to state a claim under Rule 12(b)(6) [ECF# 24].  Dominguez responded the same day, urging the Court to reach a different result [ECF #25]. On June 22, 2020, this Court dismissed for lack of standing Dominguez's substantially identical complaint in another case, *Yovanny Dominguez v. Grand Lux Café LLC*, 19-cv-10345 (MKV), 2020 WL 3440788 (S.D.N.Y. June 22, 2020).  Soon thereafter, Pizza Hut filed as supplemental authority the decisions of yet another judge in this district dismissing, for failure to state a claim, two more substantially identical complaints that Dominguez's counsel filed on behalf of Dominguez and another plaintiff, respectively, *Yovanny Dominguez v. Taco Bell Corp*, 19-cv-10172 (LGS) and *Victor Lopez v. Darden Restaurants*, d/b/a *Longhorn Steakhouse*, 19-cv-9888 (LGS) [ECF# 26].

## II.    DISCUSSION

"Standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'"  *Ross v. Bank of America, N.A. (USA)*, 524 F.3d 217, 222 (2d Cir. 2008) (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)).  A district court must dismiss a complaint for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, if a plaintiff fails to establish standing to bring the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 416–17 (2d Cir. 2015).  The Court must dismiss the First Amended Complaint because Dominguez has failed to establish standing to assert his claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§

12181 *et seq.* Dominguez's "New York State and City claims are governed by the same standing requirements as the ADA," and therefore fails as well. *Mendez v. Apple Inc.*, No. 18-cv-7550 (LAP), 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019). Because standing is a threshold question, and Dominguez has failed to establish standing, the Court does not reach the question whether he also failed to state a claim under Rule 12(b)(6).

As the party invoking jurisdiction, the plaintiff bears the burden of establishing standing. *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540, 1547 (2016). At the pleading stage, the plaintiff must "alleg[e] facts that affirmatively and *plausibly* suggest" that he satisfies the requirements of standing. *Hellas Telecomm.*, 790 F.3d at 417 (emphasis added) (internal quotation marks and citation omitted). A district court must "accept as true all non-conclusory factual allegations in the complaint." *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 156 (2d Cir. 2012). But it "need not credit a complaint's conclusory statements without reference to its factual context." *Amidax Trading Group v. S.W.I.F.T. SCR*, 671 F.3d 140, 146 (2d Cir. 2011) (quoting *Iqbal*, 566 U.S. at 686).

A plaintiff who invokes federal jurisdiction by bringing a claim under the ADA bears the burden of establishing standing to assert that claim, including demonstrating an injury under the ADA. *See Mendez*, 2019 WL 2611168, at *2 (citing *Spokeo, Inc.*, 136 S. Ct. at 1547). Where, as here, a plaintiff seeks injunctive relief, he "cannot rely on past injury to satisfy the injury requirement." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (quoting *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)). "[S]tanding to seek injunctive relief requires a "real and immediate threat of future injury." *Id.*

The Second Circuit has found standing, and thus an injury in fact, under the ADA where: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the

discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)). The last factor—intent to return—is obviously essential for the likelihood of future injury required for injunctive relief.

Intent to return is a "highly fact-sensitive inquiry." *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (citing *Kreisler*, 731 F.3d at 187–88; *Camarillo*, 518 F.3d at 158). The plaintiff must allege specific facts that "show a plausible intention or desire to return to the place but for the barriers to access." *Small v. Gen. Nutrition Companies, Inc.*, 388 F. Supp. 2d 83, 86 (E.D.N.Y. 2005). Merely asserting an "[i]ntent to return to the place of injury 'some day,'" when the alleged barriers have been rectified, "is insufficient." *Id.* at 87 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)); *see also, e.g.*, *Feltzin v. Stone Equities, LLC*, No. 16-cv-6457 (SJF) (AKT), 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018) (finding no plausible intent to return where the complaint merely asserted that the plaintiff planned to return once the defendant corrected barriers to access).

Dominguez has failed to establish an injury under the ADA because he does not offer any "non-conclusory factual allegations" that demonstrate a plausible intention to return to a Pizza Hut restaurant but for barriers to access. *NECA-IBEW Health & Welfare Fund*, 693 F.3d at 156. Instead, the First Amended Complaint merely asserts, in conclusory fashion, that Dominguez "intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's restaurant." FAC ¶ 21. It rehearses the legal bases for finding an intention to return—past visits

and proximity—without providing any supporting factual details.  Specifically, the First Amended Complaint alleges that Dominguez "has been a customer at Defendant's stores on prior occasions" and that he "resides within close proximity to at least one of Defendant's physical locations."  *Id.* ¶¶ 21, 25.  "These generic, conclusory statements are plainly insufficient." *Yovanny Dominguez v. Banana Republic LLC*, 2020 WL 1950496 at *4; *accord Yovanny Dominguez v. Grand Lux Café LLC*, 19-cv-10345 (MKV), 2020 WL 3440788 (S.D.N.Y. June 22, 2020); *see also Feltzin v. Triangle Properties #1, LLC*, No. 14-cv-5131 (JMA) (ARL), 2016 WL 11599264, at *5 (E.D.N.Y. Dec. 15, 2016); *Stone Equities, LLC*, 2018 WL 1115135, at *11; *Castillo v. The John Gore Org., Inc.*, No. 19-cv-388 (ARR) (PK), 2019 WL 6033088, at *6 (E.D.N.Y. Nov. 14, 2019).

Dominguez fails to offer any "factual context" for the allegations about his past visits or proximity to Pizza Hut restaurants.  2020 WL 3440788, at *3.  In *Triangle Properties #1, LLC*, a court in this circuit found that a plaintiff lacked standing where the complaint failed to offer factual details "[b]eyond noting a specific date on which [the plaintiff] allegedly visited the subject premises."  2016 WL 11599264, at *5.  Dominguez fails to offer even that much detail. The First Amended Complaint says nothing about when Dominguez allegedly visited a Pizza Hut restaurant, or the number of "prior occasions" on which he was a customer, or how long it has been.  In *Kreisler*, the Second Circuit found intent to return based on the facts that the plaintiff "live[d] within several blocks of the Diner" in question and "passe[d] by it three to four times a week."  731 F.3d at 186, 188.  Here, by contrast, Dominguez does not even explain what he means when he asserts that he intends to go to "Defendant's restaurant."  FAC ¶ 21.  He fails to identify which location or locations of the Pizza Hut restaurant chain he has visited in the past, which location is in "close proximity" to his home, what he means by "close proximity," or

which location he allegedly wishes to visit in the future.  Dominguez thus offers no plausible

basis for the inference that he "intend[s] to return to the subject location," wherever that may be.

*Kreisler*, 731 F.3d at 188.

       The Court is aware that, in *Yovanny Dominguez v. Taco Bell Corp*, 19-cv-10172 (LGS),

another judge in this district ruled that identical allegations were sufficient to establish standing,

but the Court disagrees.  In *Taco Bell*, Judge Schofield found Dominguez's bare assertion of

intent to return to a Taco Bell restaurant "plausible" in the light of the "broad[] appeal" of that

restaurant chain.  And, here, Dominguez alleges that Pizza Hut "is one of the largest restaurant

chains in the world."  FAC ¶ 26.  But the general popularity of a restaurant chain does not relieve

a particular plaintiff of his burden to establish that he personally faces a "real and immediate

threat of future injury," *Shain*, 356 F.3d at 215, by alleging specific facts about his wish to return

to a particular restaurant.

       Moreover, the Court finds unpersuasive Dominguez's contention that the failure of Pizza

Hut to sell blind-accessible gift cards creates a barrier to *his* return to their physical restaurants.

To be sure, the Second Circuit has recognized that "deterrence constitutes an injury under the

ADA."  *Id*.  But, by nature, a "gift card" is not commonly understood to be for one's own use,

but rather a gift to give to another person to use at the restaurant.  While a plaintiff may proceed

as an ADA "tester," such testers are still subject to the same standing requirements as any other

litigant, including demonstrating that he *personally* suffered an injury in fact under the ADA.

*Triangle Properties*, 2016 WL 11599264, at *3; *see also Perdum Forest City Ratner Cos.*, 174 F.

Supp. 3d 706, 714–15 (E.D.N.Y. 2016) (explaining that an injury in fact under the ADA requires

that the plaintiff "personally" encountered the barrier to access or was deterred from visiting the

place of public accommodation).

Dominguez's pleading in this case is not about any particularized injury.  It is a generic complaint about the failure of a large restaurant chain to sell braille gift cards.  Dominguez has filed dozens of substantially identical complaints in this district against various retail and dining establishments.  *See Banana Republic LLC*, 2020 WL 1950496 at 1 & n.1.  "There is nothing inherently wrong with filing duplicative lawsuits against multiple defendants if the harms to be remedied do [in fact] exist and are indeed identical.  But those who live by the photocopier shall die by the photocopier" if they "fail[] specifically to assert any concrete injury."  *Mendez*, 2019 WL 2611168, at *4; *see also Steven Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1374–75 (M.D. Fla. 2004); *de Palo v. Countryside Station Ltd. Liab. Co.*, No. 6:12-cv-204, 2012 WL 1231968, at *2–3 (M.D. Fla. Apr. 12, 2012); *Norkunas v. Wynn Resorts Holdings, LLC*, No. 11-cv-1499, 2007 WL 2949569, at *4 (D. Nev. Oct. 10, 2007); *Doran v. Del Taco*, No. 04-cv-00046, 2006 WL 2037942 (C.D. Cal. July 5, 2006).

For the reasons set forth above, the motion to dismiss the First Amended Complaint for lack of standing under Rule 12(b)(1) is GRANTED.  Within fifteen days, Dominguez may file a second amended complaint to cure the deficiencies articulated in this opinion.  If Dominguez does not file an amended pleading, the Court will enter a final judgment of dismissal and direct the Clerk of Court to close this case.  The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 16.

**SO ORDERED.**

Date:  **July 6, 2020**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

8